UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HAJJAR AHMED, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 11-00518 (ABJ) |
| JANET NAPOLITANO, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs Hajjar Ahmed and Hossam Ahmed bring this action against Janet Napolitano, acting in her official capacity as Secretary of the Department of Homeland Security, for violating the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, (2006) ("the RHA"), and the Americans with Disability Act of 1990, 42 U.S.C. § 12101, *et seq*., (2006) ("the ADA"). Plaintiff Hajjar Ahmed alleges her employer, the U.S. Customs and Border Protection, discriminated against her on the basis of her disability and subjected her to reprisal after she filed a complaint with the Equal Employment Opportunity Office. Plaintiff Hossam Ahmed, Hajjar Ahmed's father, alleges that he was injured by the discrimination and reprisal against his daughter.

Defendant has moved to dismiss [Dkt. # 9] Ms. Ahmed's ADA claims and all of Mr. Ahmed's claims for lack of subject matter jurisdiction. For the reasons stated below, the Court will grant defendant's partial motion to dismiss. Since Ms. Ahmed is a federal employee, her exclusive avenue for relief is the RHA, and neither statute provides grounds for relief to third parties.

## BACKGROUND

Plaintiff Hajjar Ahmed is a former employee of U.S. Customs and Border Protection, a component of the Department of Homeland Security ("DHS"). Compl. ¶¶ 1, 4. Ms. Ahmed was assigned to the Consolidated Personnel Reporting Online team led by Christine Chang on April 24, 2009. *Id.* ¶ 9. Plaintiff alleges that from late June to early July 2009, three confrontational meetings took place during which Ms. Chang allegedly deflected Ms. Ahmed's task-related questions, argued with Ms. Ahmed about an assignment to scan 695 documents, and accused Ms. Ahmed of sleeping and taking improper notes during a meeting. *Id.* ¶¶ 10–14. It was during one of these meetings that Ms. Ahmed told Ms. Chang and Ms. Doss, another supervisor, about her disability. *Id.* ¶¶ 1, 38. From July 16 to July 24, 2009, Ms. Ahmed took sick leave from work because her work environment was allegedly exacerbating her disability. *Id.* ¶ 16. On July 31, 2009, Ms. Chang and Ms. Doss gave Ms. Ahmed a proposed adverse action memorandum that recommended suspending Ms. Ahmed for one day without pay because she disrespected supervisory authority and slept on duty. *Id.* ¶ 17. This recommendation was approved and Ms. Ahmed was suspended on October 12, 2009. *Id.* ¶ 23.

In response to the proposed adverse action memorandum, on September 3, 2009, Ms. Ahmed filed a complaint with the Equal Employment Opportunity ("EEO") office alleging she had been discriminated against based on her disability and that her supervisors subjected her to a hostile work environment. *Id.* ¶ 19. A few days later, Ms. Ahmed filed a request for reasonable accommodation, which in part asked for a new cubicle away from areas with high employee traffic. *Id.* ¶ 20. After Ms. Ahmed was offered two cubicles that allegedly did not meet her needs, she identified four other cubicles that would be acceptable, but no further action was taken. *Id.* ¶ 27. Months later, on December 29, 2009, Ms. Ahmed received a letter that claimed

---

management had offered her a reasonable accommodation regarding an acceptable cubicle. *Id.* ¶ 28.

On January 25, 2010, Ms. Ahmed filed a formal EEO complaint regarding management's failure to provide her with a reasonable accommodation. *Id.* ¶ 29. Shortly after, allegedly in retaliation, Ms. Doss directed Ms. Ahmed to move to an unacceptable cubicle. *Id*. On March 18, 2010, Ms. Ahmed filed her second formal EEO complaint that alleged discrimination on the basis of her disability and reprisal. *Id.* ¶ 30. On February 12, 2011, DHS issued a Final Agency Action that concluded there has been no discrimination or reprisal as alleged in Ms. Ahmed's March 18, 2010 EEO complaints. *Id.* ¶ 32.

Throughout these events, Hossam Ahmed was Ms. Ahmed's primary caregiver. *Id.* ¶ 2. He alleges that he was "profoundly impacted emotionally" by the discrimination and reprisal against his daughter. *Id*. He also claims to have lost salary and benefits when he stayed home to care for Ms. Ahmed during her sick leave from July 16 to July 24, 2009. *Id.* ¶ 53. On March 10, 2011, Ms. Ahmed and Mr. Ahmed filed this civil action alleging discrimination and reprisal under the RHA and the ADA. *Id.* ¶ 53. They seek both compensatory damages and equitable relief. *Id.*

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if

those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

## ANALYSIS

Defendant contends that the Court lacks subject matter jurisdiction over Ms. Ahmed's ADA claims since a federal employee can only bring an action under the RHA. Defendant further argues that the Court lacks subject matter jurisdiction over all of Mr. Ahmed's claims. The Court agrees with defendant and will grant its partial motion to dismiss.

### I. Ms. Ahmed's Claims Under the ADA

Ms. Ahmed purports to bring her claims of discrimination and reprisal under both the ADA and the RHA. However, the "ADA does not apply to employees of the federal government because the federal government is not considered an 'employer' under the ADA." *Klute v. Shinseki*, No. 10-1126, 2011 WL 2750932, at *4 (D.D.C. July 12, 2011); *see also* 42 U.S.C. §

12111(5)(B)(i) (specifically excluding "the United States" from the definition of "employer"). Instead, Congress incorporated the ADA through the RHA, which in part bars "non-affirmative action employment discrimination" that harms "a qualified individual with a disability." *Woodruff v. Peters*, 482 F.3d 521, 526 (D.C. Cir. 2007); *see also* 29 U.S.C. § 791(g); 42 U.S.C. § 12112(a). The RHA also incorporates the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a), which "prohibits employers from retaliating against an employee because he or she has opposed an unlawful employment practice or made a charge or participated in an EEO investigation or proceeding." *Marshall v. Potter*, 634 F. Supp. 2d 66, 73 (D.D.C. 2009), citing 29 U.S.C. § 794(d).

Because the RHA incorporates the ADA, it is "the exclusive remedy for employment discrimination based on a disability for federal employees." *Raines v. DOJ*, 424 F. Supp. 2d 60, 64 (D.D.C. 2006), quoting *Ward v. Kennard*, 133 F. Supp. 2d. 54, 57 (D.D.C. 2000) (internal quotation marks omitted); *see also Rand v. Geithner*, 609 F. Supp. 2d 97, 100 (D.D.C. 2009) ("The exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination is . . . the Rehabilitation Act."); *Edwards v. EPA*, 456 F. Supp. 2d 72, 100 (D.D.C. 2006) ("Because plaintiff is a federal employee, the exclusive statutory basis for suit lies in . . . the Rehabilitation Act."). Because Ms. Ahmed was a federal employee, she may only pursue her discrimination and reprisal claims under the RHA. Therefore, all of plaintiff's claims under the ADA must be dismissed.

The Court also notes that although Ms. Ahmed brings claims for both discrimination and reprisal under the ADA, defendant only addresses the ADA discrimination claim in its motion to dismiss. Even so, the Court will dismiss both ADA claims pursuant to Rule 12(b)(1). *See Boritz v. United States*, 685 F. Supp. 2d 113, 126 (D.D.C. 2010) (observing that it is established in this

Circuit that claims may be dismissed *sua sponte* when the plaintiff cannot possibly win relief) (internal quotations omitted).

### II. Mr. Ahmed's Claims Under the ADA and RHA

Defendant seeks to dismiss all of Mr. Ahmed's claims because he is not a current or former employee with a disability, and therefore, is not a proper plaintiff under the RHA or ADA. Def.'s Mem. at 5. Although the Court could treat these claims as conceded because plaintiff failed to respond to defendant's arguments,[1] there are grounds to grant defendant's motion on the merits. Because Mr. Ahmed lacks standing in this case, the Court will dismiss all of Mr. Ahmed's claims.

Mr. Ahmed seeks relief solely based on the alleged violation of his daughter's rights under the ADA and RHA. Compl. ¶ 2. While there is much truth to the adage that a parent is only as happy as his or her least happy child, Mr. Ahmed's commendable empathy does not give rise to an independent cause of action on his own behalf. "As a general rule, a third party does not having standing to bring a claim asserting a violation of someone else's rights." *Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042 (9th Cir. 2009), citing *Powers v. Ohio*, 499 U.S. 400, 411 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). To establish standing in spite of this general rule, three prudential considerations are weighed: (1) "the litigant must have suffered an injury in fact (2) the litigant must have a close relation to

---

[1] "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Cheeks v. Fort Myer Const. Co.*, 722 F. Supp. 2d 93, 110 (D.D.C. 2010), quoting *Hopkins v. Women's Div.*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), aff'd, 98 Fed. App'x 8 (D.C. Cir. 2004); *see also Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

the third party, and (3) there must exist some hindrance to the third party's ability to protect his or her own interests." *Lepelletier v. FDIC*, 164 F.3d 37, 43 (D.C. Cir. 1999), citing *Powers*, 499 U.S. at 411 (internal quotations omitted). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

More specifically, courts have held that parents who attempt to recover independently for a violation of their children's rights do not have standing under the ADA or the RHA. *Hooker v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-1289-D, 2010 WL 4025877, at *4 (N.D. Tex. Oct. 13, 2010); *see also L.F. v. Houston Indep. Sch. Dist.*, No. H-08-2415, 2009 WL 3073926, at *21 (S.D. Tex. Sept. 21, 2009) (holding that a parent lacked standing to pursue RHA claim on behalf of her child); *Glass v. Hillsboro Sch. Dist.,* 142 F. Supp. 2d 1286, 1288 (D. Or. 2001) (holding that parents lacked standing when attempting to enforce solely their children's rights and not some independent and separate right). Only when the child is a minor have some courts held that the "specially close" relationship exists. *Blanchard v. Morton Sch. Dist*., 260 Fed. App'x 992, 994 (9th Cir. 2007) (finding that a parent could seek relief under the RHA when she sought to enforce the rights of her minor son and incurred expenses for his benefit). Because Ms. Ahmed is not a minor child of legal guardianship of her father, Mr. Ahmed has not established the particular "specially close" relationship that could give rise to a cause of action in this case.

Furthermore, Ms. Ahmed is fully able to assert her rights on her own. She is pursuing her RHA claims against the defendant to redress the alleged violation of her rights. Because Mr. Ahmed has not carried his burden to establish that he has a "specially close" relationship with Ms. Ahmed or that she lacks alternative means for relief, Mr. Ahmed lacks standing in this case. Therefore, his claims will be dismissed.

## CONCLUSION

For the reasons stated above, the Court grants defendant's partial motion to dismiss [Dkt. # 9]. The only remaining claims in this case are Ms. Ahmed's claims under the RHA.

*Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: November 10, 2011